UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| OLGA WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | 1:08-cv-0523-RLY-TAB |
| vs. | ) | |
| | ) | |
| NICHOLAS SCHUERMAN (dismissed) and | ) | |
| AMERICAN FAMILY MUTUAL | ) | |
| AUTOMOBILE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**SUPPLEMENTAL ORDER TO SHOW CAUSE**

The Court noted jurisdictional problems at the outset of this case and issued a show cause order requiring Defendant American Family Mutual Automobile Insurance Company ("American Family") to supplement its removal notice to address these issues. [Docket No. 23.] American Family responded to this show cause order on January 2, 2009, [Docket No. 28], but problems remain.

Initially, American Family stated that it "is a Wisconsin corporation doing business in the State of Indiana." [Docket No. 25 at ¶ 1.] However, American Family later represented that it "is not a corporation, but rather a mutual insurance company with its principle offices in Madison, Wisconsin." [Docket No. 28 at ¶ 3.] Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is a citizen of both the state in which it is incorporated and the state in which it has its principle place of business. *Hoagland v. Sandberg, Phoenix & Von Gontard, P.C.*, 385 F.3d 737, 738 (7th Cir. 2004). But given American Family's representation that it is not a corporation, and given

that American Family does not use "corporation" or "inc." in its name, American Family's citizenship remains unclear.  *Cf. Tango Music, LLC v. DeadQuick Music, Inc.*, 348 F.3d 244, 245 (7th Cir. 2003) (citizenship of an LLC is that of its members); *Indiana Gas Co., Inc. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998) (membership associations such as labor unions, joint stock companies, and joint ventures take the citizenship of each member).

There is authority to suggest that American Family is a Wisconsin corporation.  *See Matusiak v. Am. Family Ins. Co.*, 2006 WL 1806403, at *1 (S.D. Ind. 2006) (American Family deemed a Wisconsin citizen for purposes of diversity jurisdiction); *Karas v. Am. Family Ins. Co., Inc.*, 33 F.3d 995, 995 (8th Cir. 1994) (caption identified defendant as "American Family Insurance Company, Inc." and as a "Wisconsin Corporation"); *AdvantEdge Bus. Group, L.L.C. v. Thomas E. Mestmaker & Assoc.*, 552 F.3d 1233, 1233 (10th Cir. 2009) (caption identified co-defendant American Family as a "Wisconsin corporation"); *Woodard v. Am. Family Mut. Ins. Co.*, 950 F. Supp. 1382, 1382 (N.D. Ill. 1997) (same); *McCarter v. Ret. Plan for the Dist. Managers of the Am. Family Ins. Group*, 2007 WL 4333979, at *2 (W.D. Wis. 2007) (American Family Mutual Insurance Company was described as "an insurance company incorporated under the laws of the state of Wisconsin").

Thus, while American Family may in fact be a Wisconsin corporation, Defendant still has not provided this Court with sufficient information to make this conclusion in this case.  It is not appropriate for this Court to speculate that jurisdiction exists or to accept jurisdictional allegations that fall short.  Rather, as the Seventh Circuit Court of Appeals has made abundantly clear, the bench and the bar must exercise "scrupulous adherence" to the limitations on the subject-matter jurisdiction of the federal courts.  *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d

616, 617 (7th Cir. 2002) (ordering defendants to show cause why they should not be sanctioned for failing to properly address jurisdictional issues). The Court will permit American Family a final opportunity to make this showing. American Family is given 20 days to do so or face the possibility of remand to state court.

Dated:  03/31/2009

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Theresa L. Dapper
GLASER & EBBS
tdapper@glaserebbs.com

Breanne J. Strubinger
LAW OFFICES OF LAWRENCE M. REUBEN
strubinger@reubenlaw.net

W. Brent Threlkeld
THRELKELD & REYNOLDS
brent@threlkeld-reynolds.com